```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```
TEOURIALEIR JOHNSON,
                                                  **DECISION AND ORDER**
        Petitioner,                 **No. 08-CV-00522(MAT)**

  -vs-

A. PEREZ,
SUPERINTENDENT

        Respondent.
_____

## I.  Introduction

Pro se Petitioner Teourialeir Johnson ("Petitioner") has filed a petition[1] for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of her detention in Respondent's custody. Petitioner is in custody pursuant to a judgment entered on January 10, 2005, after a jury trial in New York State, Supreme Court, Erie County, convicting her of Attempted Murder in the Second Degree (N.Y. Penal Law ("Penal Law") §§ 110.00, 125.25(1)).

## II.  Factual Background and Procedural History

On October 17, 2003, Petitioner was indicted by an Erie County Grand Jury and charged with one count of Attempted Murder in the Second Degree (Penal Law §§ 110.00, 125.25(1)) and one count of Assault in the First Degree (Penal Law § 120.10(1)).  The charges arose from an incident that occurred on August 7, 2003, wherein

---

[1] Petitioner initially filed her habeas corpus petition on July 16, 2008. Dkt. No. 1.  Subsequently, she filed an amended petition on August 22, 2008. Dkt. No. 4.

Petitioner struck her husband's girlfriend, Jennifer Ahmad ("Ahmad" or "the victim"), with a motor vehicle.  See Ind. No. 04358-2003 dated 10/17/03 at Resp't Ex. A.

A jury trial was held before the Hon. Russell P. Buscaglia in Supreme Court, Erie County from September 27, 2004, to October 1, 2004, at the close of which Petitioner was found guilty of Attempted Murder in the Second Degree.  Trial Transcript ("T.T.") 584.  On January 10, 2005, Petitioner was sentenced to a determinate term of seventeen and one-half years imprisonment, to be followed by five years of post release supervision.  Sentencing Minutes ("S.M.") 11.   The Appellate Division, Fourth Department, of New York State Supreme Court, unanimously affirmed Petitioner's conviction on March 16, 2007, and leave to appeal was denied on July 3, 2007.  People v. Johnson, 38 A.D.3d 1327 (App. Div. 4th Dept. 2007); lv. denied, 9 N.Y.3d 866 (2007).

This amended habeas corpus petition followed in which Petitioner seeks relief on the following grounds: (1) a violation of Batson v. Kentucky, 476 U.S. 79 (1986); (2) the trial court's read-back of certain testimony to the jury deprived her of due process; (3) the evidence was legally insufficient to support her conviction and the verdict was against the weight of the evidence; (4) the sentencing court improperly denied her request that alternative sentencing under Penal Law § 60.12 be considered; and

(5) the trial court's jury charge on motive was improper. See Am. Pet. ¶22, Grounds One-Five (Dkt. No. 4).

### III. Analysis of Petitioner's Claims

#### A. Batson Violation

Petitioner contends that the prosecutor violated the precepts of Batson, 476 U.S. 79, supra, in his exercise of a peremptory challenge to prospective juror D.M. See Pet. ¶ 22, Ground One. The Appellate Division rejected this claim on the merits, concluding that Petitioner

> failed to meet her ultimate burden of persuading the court that the People's race-neutral reasons for exercising a peremptory challenge with respect to an African-American juror were pretextual. The court's credibility determination on that issue is entitled to great deference, and we see no reason to disturb it.

Johnson, 38 A.D.3d at 1328. Neither the trial court nor the Appellate Division misapplied Federal law in adjudicating Petitioner's Batson claim.

At the first step of a Batson challenge, the opponent of a peremptory challenge must make out a prima facie case of discrimination. Purkett v. Elem, 514 U.S. 765, 767 (1995). The burden of production then shifts to the proponent of the strike to come forward with a race-neutral explanation. Id. "The second step of this process does not demand an explanation that is persuasive, or even plausible." Id. at 767-68. If a race-neutral explanation is provided, the trial court must then decide whether the opponent

challenging the strike has proved purposeful discrimination.  Id. at 767.

During jury selection, prospective juror D.M., a black male, stated that lived in Buffalo, was single, had a young daughter, and worked at HSBC arena. He also stated that a close friend had convicted of an armed robbery and that his sister had been beaten by her boyfriend and that he had had to intercede to protect her. Jury Selection ("J.S.") 116-118.

During voir dire, defense counsel asked D.M. the following question:

> If it were to be shown that the victim just prior to being struck by a vehicle threw a brick at the window of the vehicle that my client was operating, would that have any impact or can you just take it as one of the elements . . . or is it the fact that the victim threw a brick at the car just prior to being struck, is a significant factor that you can't overlook and it may balance you . . . .

J.S. 146. In response, D.M. stated, "Action/reaction." J.S. 146. When asked by the trial court to explain what he meant, D.M. responded, "You hit me.  I hit you." J.S. 151. Seeking to clarify D.M.'s response, the trial court asked a further question, to which D.M. responded that it (i.e., Petitioner having had a brick thrown at her car before she struck Ahmad) would be one of the factors in determining Petitioner's guilt. J.S. 151.

The prosecutor then challenged D.M. for cause based on D.M.'s "action/reaction" statement. The prosecutor added that he had

observed D.M. distancing himself from the other jurors, which caused him concern about D.M.'s participation in jury deliberations.  The prosecutor also noted that D.M.'s sister had been abused by her boyfriend and D.M. had affirmatively taken action to protect his sister. Finally, the prosecutor expressed concern that because the victim's boyfriend was married to Petitioner, D.M. might view the evidence in a light more favorable to the defense based upon his experience with his sister.

After the trial court denied the for-cause challenge, the prosecutor exercised a peremptory challenge to remove D.M.. J.S. 152-155.  Defense counsel then lodged a <u>Batson</u> challenge. Determining that defense counsel had made out a prima facie case under <u>Batson</u>, the trial court asked the prosecutor for his race-neutral reasons for striking D.M.  J.S. 158.  The prosecutor indicated that he excused D.M. for the reasons he previously stated and reiterated those reasons for the court.  J.S. 158-159.

The trial court denied the <u>Batson</u> challenge, finding that "certainly [the prosecutor] has sustained his burden to show that he has a facially neutral reason" based upon the fact that the prospective juror's sister had been the victim of domestic abuse and that he had intervened to help her. J.S. 160.  Defense counsel argued that the trial court's ruling sent a message that "that we are now going to say we don't want people, especially black people

with any life experiences, and I think that's terrible to let that happen." J.S. 160-161.

The trial court adhered to its original ruling denying the Batson challenge, explaining that

> the fact that [D.M.'s] sister was the victim of domestic abuse and what we -- what we have here is although not domestic abuse of a man upon a -- upon a woman, we have a domestic situation that turned violent which is what he was involved with, what he observed, what he came to the rescue of his sister for. And while he did not indicate that it would affect -- he did not indicate that it would affect his ability to be fair and impartial like some of the other prospective jurors did, some of those that were -- were excused, I believe that [defense counsel] has not sustained his burden, that this is intentional discrimination.

J.S. 162-163.

Step one of the Batson analysis is not at issue here. See Hernandez v. New York, 500 U.S. 352, 349 (1991) (holding that discriminatory intent sufficient to set forth a prima facie intent becomes irrelevant once the trial court proceeds to the second and third steps).

The second step of the Batson inquiry asks whether the prosecution offered race-neutral explanations for the peremptory strikes. Here, the prosecution met its burden by supplying three reasons for challenging D.M.: one, D.M.'s "action/reaction" statement; two, that D.M. tended to distance himself from the other

jurors; and, three, that D.M.'s sister had been the victim of domestic violence and that D.M. had come to her rescue.

With regard to the third step of the Batson inquiry, a trial court's finding as to whether the prosecutor intentionally discriminated on the basis of race when exercising a peremptory strike is a factual finding entitled to substantial deference by a reviewing court. Batson, 476 U.S. at 98 n.21 (citation omitted); accord, e.g., Jordan v. Lefevre, 293 F.3d 587, 593 (2d Cir. 2002). Since the trial judge's conclusions during the type of inquiry contemplated by Batson "largely will turn on evaluation of credibility," the Supreme Court has instructed that reviewing courts "ordinarily should give those findings great deference." Batson, 476 U.S. at 98 n.21 (citation omitted).

Here, the trial court judge considered the credibility of the race-neutral reasons offered by the prosecution, rejecting the first two reasons (D.M.'s "action/reaction" statement and that D.M. tended to distance himself from the other jurors), and accepting the third reason (that D.M.'s sister had been the victim of domestic violence and that D.M. had come to her rescue). See T.T. 162-163. Petitioner's conclusory assertions do not overcome the presumption of correctness accorded to the trial court's factual determination of the prosecutor's credibility. The trial court, who was in the best position to observe the demeanor of the parties, made a Batson ruling which was amply supported by the record.

Petitioner's Batson claim with regard to prospective juror D.M. therefore fails on the merits.

**B.    Trial Court's Read-Back of Testimony**

Petitioner contends that the trial court erred in denying her motion for a mistrial based on the alleged improper read-back of certain testimony to the jury. See Am. Pet. ¶ 22, Ground Two. The Appellate Division rejected this pursuant to CPL § 470.05(2), finding that Petitioner failed to properly preserve the issue for appellate review. Johnson, 38 A.D.3d at 1328.

As respondent argues, the claim is procedurally defaulted due to the Appellate Division's reliance upon an adequate and independent state ground for dismissal. See Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003) (Federal habeas review is prohibited if a state court rests its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment.") (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)).  Here, the state court relied on New York's preservation rule, codified at CPL § 470.05(2), to deny Petitioner's claim because defense counsel did not make a timely objection to the trial court's response to the read-back request. The Second Circuit has held that the failure to object at trial when required by New York's contemporaneous objection rule, CPL § 470.05, is an adequate and independent state ground. See, e.g., Bossett v. Walker, 41 F.3d 825, 829 n. 2 (2d Cir.1994) (respecting state

court's application of C.P.L. § 470.05(2) as adequate bar to federal habeas review), cert. denied, 514 U.S. 1054 (1995).

This Court may reach the merits of Petitioner's claim, despite the procedural default if she can demonstrate cause for the default and prejudice resulting therefrom, or that failure to consider the claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. Petitioner does not allege cause and prejudice for the default, and has not attempted to avail herself of the fundamental miscarriage of justice exception. Accordingly, Petitioner's claim is procedurally defaulted from habeas review, and is denied on that basis.

### C. Legally Insufficient Evidence and Verdict Against Weight of Evidence

#### 1. Legal Insufficiency Claim

Petitioner contends that the evidence was legally insufficient to support her conviction in that the prosecution's proof was insufficient to establish beyond a reasonable doubt that she intended to kill the victim, Ahmad, when she attempted to drive over Ahmad with her vehicle. See Am. Pet. ¶ 22, Ground Three. The Appellate Division rejected this claim on a state procedural ground because it had not been properly preserved for appellate review. Johnson, 38 A.D.3d at 1328.

As discussed in "Section IV, 2" above, a federal court may not review a question of federal law decided by a state court if the

state court's decision rested on a state law ground that is independent of the federal question and adequate to support the judgment. See Coleman, 501 U.S. at 729.  Here, the state court relied on New York's preservation rule, which the Second Circuit has determined is an independent and adequate state procedural ground, to deny Petitioner's claim.  See, e.g., Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007).

As respondent argues, the Appellate Division's reliance upon an adequate and independent state ground creates a procedural default. Petitioner has not alleged cause and prejudice to overcome the procedural default, nor has she attempted to avail herself of the miscarriage of justice exception.  Accordingly, Petitioner's sufficiency of the evidence claim is procedurally defaulted from habeas review, and is denied on that basis.

### 2. Weight of the Evidence Claim

Petitioner argues that the verdict was against the weight of the evidence. See Am. Pet. ¶ 22, Ground Three. Challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review.  See, e.g., Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).  A claim that a verdict was against the weight of the evidence derives from CPL § 470.15(5) which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment

was, in whole or in part, against the weight of the evidence." CPL § 470.15(5). Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987).

Since a weight of the evidence claim is purely a matter of state law, it cannot form a basis for habeas relief. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Petitioner's weight of the evidence is not cognizable on habeas review and is denied on that basis.

**4.    Alternative Sentencing under Penal Law § 60.12**

Petitioner contends that the sentencing court improperly denied her request to consider alternative sentencing under Penal Law § 60.12[2]. See Am. Pet. ¶ 22, Ground Four. The Appellate Division found that "[b]ecause [Petitioner] and the victim were not members of the same family or household . . . the court properly

---

[2]

Penal Law § 60.12(1) provides, in relevant part, that "where a court is imposing sentence pursuant to section 70.02 [sentence of imprisonment for a violent felony offense]. . . , the court, upon a determination following a hearing that . . . (c) the victim or intended victim of such offense was a member of the same family or household as the defendant as such terms is defined in subdivision one of section 530.11 of the criminal procedure law, may, in lieu, of imposing such determinate sentence of imprisonment, impose an indeterminate sentence of imprisonment in accordance with subdivisions two and three of this section." N.Y. Penal Law § 60.21(1).

-11-

refused to sentence [Petitioner] pursuant to Penal Law § 60.12." Johnson, 38 A.D.3d at 1329 (internal citation omitted).

A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports). Petitioner's sentence was in the applicable statutory range and no constitutional question is presented.

Moreover, this claim at most alleges a violation of state statutory law which is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. at 67-68. Petitioner has not established that the sentencing court misapplied state statutory law, as Petitioner failed to establish that she fell within the ambit of the provision at issue-that is, she failed to show that she was a member of the victim's family for purposes of Penal Law § 60.12(1)(c). Thus, alternative sentencing was not warranted as a matter of state law. Because Petitioner's alternative sentencing claim raises no federal constitutional argument, it is denied on that basis.

### E. Improper Jury Instruction

Petitioner argues that the trial court's jury instruction on motive was improper because the prosecution failed to adduce

sufficient of proof of motive to warrant sending the issue to the jury. See Am. Pet. ¶22, Ground Five. Petitioner asserted that the motive instruction "mudd[ied] the waters regarding the People's burden of proof of the actual elements on trial" and, "by entwining the element of intent with the non-element of motive, the court . . . allowed the jury to bootstrap the easier finding of motive on the more complex . . . finding of intent." Pet'r Br. on Appeal at 28. The Appellate Division rejected this claim on the merits, finding that "based on the theory of the defense that [Petitioner's] acts were accidental or negligent rather than intentional, the court properly instructed the jury concerning motive." Johnson, 38 A.D.3d at 1328 (citations omitted).

It is well-settled that the propriety of a state court's jury instructions is generally a matter of state law that does not raise a federal constitutional question. Cupp v. Naughten, 414 U.S. 141, 146 (1973). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Henderson v. Kibbe, 431 U.S. 145, 154 (1977). In determining whether "the ailing instruction itself so infected the entire trial process that the resulting conviction violates due process," the court "must consider the challenged portion of the charge not in 'artificial isolation,' but rather 'in the context of

the overall charge.'" Justice v. Hoke, 45 F.3d 33, 34 (2d Cir. 1995) (quoting Cupp, 414 U.S. at 146-47).

Over the defense's objection, the trial court issued a motive instruction at the prosecution's request. T.T. 505-506. The charge mirrored the CJI instruction on motive and was not erroneous as a matter of state law. Indeed, it is error for a trial court in New York state to fail to instruct the jury on the question of motive or lack of motive in determining the defendant's guilt or innocence. People v. Reaves, 30 A.D.2d 828, 292 N.Y.S.2d 296 (App. Div. 2d Dept. 1968) (citing Peole v. Seppi, 221 N.Y. 62, 71, 116 N.E. 793, 796 (1917) (" In determining the guilt or innocence of a defendant, however, the question of motive is always to be considered by the jury in their deliberations. It was error therefore for the court to charge the jury that 'motive plays absolutely no part in your deliberations.'"), aff'd. 26 N.Y.2d 921 (1970)).

Moreover, there was an ample basis for the jury to infer motive from the prosecution's proof. Petitioner's relationship with her estranged husband, her dislike of the victim, her concern for her daughter, and the victim's behavior toward Petitioner were all relevant facts tending to support a motive for her conduct. Although, as a matter of state law, "[m]otive can never, of itself, prove guilt," "it may, when other circumstances point to the conclusion of guilt, strengthen such circumstantial proof of guilt

and thus aid to establish the commission of the crime or the identity of the criminal." People v. Giordano, 213 N.Y. 575, 584 (1915). Because it was not error for the trial court to instruct the jury on the question of motive in determining Petitioner's guilt or innocence, Petitioner cannot obtain habeas relief on this claim.

**V.   Conclusion**

For the reasons stated above, the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 4) is denied, and the amended petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance

with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                              S/Michael A. Telesca

                                  HONORABLE MICHAEL A. TELESCA
                                  United States District Judge

DATED:   November 1, 2011
          Rochester, New York